OPINION OF THE COURT

Per Curiam.

Judgment entered May 3,1982 affirmed, with $25 costs.
This action arises out of the shipment, in July, 1979, of 25 drums of lime oil aboard defendant’s vessel, the Minerva, from Santos, Brazil, to New York City. The bill of lading covering the shipment contains an ample description of the nature of the cargo shipped, as well as a recital of its total value (“FOB US $80,859.38”). The bill of lading further indicates, and it is agreed by the parties herein, *668 that supplemental freight charges in the sum of $808.59 were paid by the shipper prior to transit. Such charges were computed on the basis of a 1% “ad valorem” rate, made applicable to shipments of “essential oils” such as the kind here involved by section “O” of defendant’s filed tariff.
Upon discharge from defendant’s vessel in New York, one of the drums of lime oil was received empty. This action followed, brought in subrogation by the consignee’s insurance carrier, seeking reimbursement of the entire value of the missing portion of the shipment, stipulated to be $3,332.91. After trial, judgment was entered in favor of plaintiff in the full amount prayed for.
The sole issue presented on appeal surrounds the proper measure of damages recoverable by plaintiff. In resolving that issue, we must look to the Carriage of Goods by Sea Act (COGSA) (US Code, tit 46, § 1300 et seq.), incorporated by reference in the bill of lading, and which would, in any event, be controlling, this being a contract of carriage between a foreign port and a port of the United States (see US Code, tit 46, §§ 1300, 1312). Specifically, attention is drawn to subdivision (5) of section 1304 of the COGSA, which limits a carrier’s liability for marine cargo loss or damage to “$500 per package”, unless the nature and value of the shipped goods is declared by the shipper and inserted in the bill of lading. That provision is intended to limit liability for loss or damage only where the value of the cargo is not made known to the carrier. Where, as here, the shipper describes the nature and value of the cargo shipped, thereby “alerting the carrier of its potential liability and allowing it to charge extra freight, if appropriate” (General Motors Corp. v Moore-McCormack Lines, 451 F2d 24, 26), the carrier becomes an insurer up to the value declared.
In seeking to negate the seemingly controlling effect of the shipper’s declaration of excess value, defendant relies upon rule 2(c)-3 of its tariff, filed with the Federal Maritime Commission pursuant to the Shipping Act, title 46 (§ 817, subd [b]) of the United States Code, which provides that the shipper’s value declaration “is strictly for the purpose of assessing the correct freight rate and does not alter the liability of the carriers”. If enforced according to *669 its terms, however, the tariff provision would vitiate the all-important statutory option to declare an increased valuation and thereby gain coverage up to the full value of the shipped goods. It thus impermissibly provides the shipper with a lesser advantage than that afforded under subdivision (5) of section 1304 of the COGSA, and is unenforceable (Hanover Ins. Co. v Shulman Transp. Enterprises, 581 F2d 268).
Also urged upon us by defendant is rule 12(b) of its filed tariff, which calls for the payment of an additional freight charge of 2% of the declared value, plus the regular cargo rate, in the event “the shipper desires to be covered for a value in excess of US $500.00 per package.” It being conceded that the specified 2% charge was not paid by the shipper, defendant argues that its liability is. properly limited to $500. While the terms of the filed tariff arguably were binding upon the shipper even absent actual knowledge of its contents (see Brown & Root v M/V Peisander, 648 F2d 415; see, also, Komatsu, Ltd. v States S. S. Co., 674 F2d 806), we do not believe that the shipper’s failure to pay the additional 2% freight charge, by itself, warrants enforcement of the carrier’s $500 damage limitation. Pertinently, there is nothing in the record to indicate that payment of such charges was ever requested or billed for by defendant, though the record does reflect that other additional freight charges were demanded, and, in fact, paid. The defendant admittedly having knowledge of the value of the cargo, it was its responsibility, and not that of the shipper, to fix the appropriate freight charges, and seek payment accordingly. Since it appears on this record that defendant failed to discharge this primary obligation, it may not be allowed to exempt itself from liability by reliance upon rule 12(b) of its tariff.
To sum up: in view of the express declaration in the bill of lading putting defendant on notice of the nature and value of the merchandise shipped, recovery of the full amount of the loss was properly had below.
Hughes, J. P., Riccobono and Sullivan, JJ., concur.